Office of Harris County District Clerk - Marilyn Burgess

| HCDistrictclerk.com | DINUNZIO, LUCIA vs. GEOVERA SPECIALTY INSURANCE COMPANY | 11/4/2019 |
| --- | --- | --- |

Cause: 201972581     CDI: 7     Court: 215

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

| CASE DETAILS | |
| --- | --- |
| File Date | 10/3/2019 |
| Case (Cause) Location | |
| Case (Cause) Status | Active - Civil |
| Case (Cause) Type | Debt/Contract - Debt/Contract |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 10/3/2019 |

| CURRENT PRESIDING JUDGE | |
| --- | --- |
| Court | 215th |
| Address | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686330 |
| JudgeName | ELAINE H PALMER |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
| --- | --- | --- | --- |
| DINUNZIO, LUCIA | PLAINTIFF - CIVIL | | CROWELL, BENJAMIN ROBERT |

EXHIBIT
2

| GEOVERA SPECIALTY INSURANCE COMPANY | DEFENDANT - CIVIL | THOMPSON, RHONDA JOANN HARDER |

GEOVERA SPECIALTY INSURANCE COMPANY BY REGISTERED AGENT
SERVING

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 10/28/2019 | ANSWER ORIGINAL PETITION | | | 0 | | THOMPSON, RHONDA JOANN HARDER | GEOVERA SPECIALTY INSURANCE COMPANY |
| 10/3/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/3/2019 | ORIGINAL PETITION | | | 0 | | CROWELL, BENJAMIN ROBERT | DINUNZIO, LUCIA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | GEOVERA SPECIALTY INSURANCE COMPANY | 10/3/2019 | 10/3/2019 | | | | 73680649 | CVC/CTM SVCE BY CERTIFIED MAIL |
| | 211 E 7TH ST SUITE 620 AUSTIN TX 78701 | | | | | | | | | |
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | GEOVERA SPECIALTY INSURANCE COMPANY BY SERVING | 10/3/2019 | 10/4/2019 | | | | 73680871 | CVC/CTM SVCE BY CERTIFIED MAIL |
| | 211 E 7TH ST SUITE 620 AUSTIN TX 78701 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 87821781 | Defendant Geovera Specialty Insurance Company's Original Answer | | 10/28/2019 | 2 |
| 87648842 | Domestic Return Receipt | | 10/15/2019 | 2 |
| 87481353 | Certified Mail Tracking #70181830000144248496 | | 10/04/2019 | 2 |
| 87541735 | Certified Mail Receipt | | 10/04/2019 | 1 |
| 87436081 | PLAINTIFF'S ORIGINAL PETITION | | 10/03/2019 | 14 |

Office of Harris County District Clerk - Marilyn Burgess

-> 87436083        REQUEST FOR ISSUANCE OF SERVICE                    10/03/2019        1

10/3/2019 1:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37358126
By: Joshua Carroll
Filed: 10/3/2019 1:34 PM

# 2019-72581 / Court: 215

CAUSE NO._____

| | | |
|---|---|---|
| LUCIA DINUNZIO, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW comes LUCIA DINUNZIO ("Plaintiff"), who files Plaintiff's Original Petition against GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES & SERVICE

2.      Plaintiff is the named insured under a policy issued by the Defendant, GeoVera. Plaintiff is a resident of Texas.

3.      GeoVera is an insurance company that engages in the business of insurance in Texas.  The insurance business done by GeoVera in Texas includes, but is not limited to, the following: taking and receiving applications for insurance; receiving and collecting premiums; and issuing insurance policies to consumers of this state, including Plaintiff.  GeoVera's company profile page on the Texas of Department of Insurance lists Corporation Service Company as their

1

agent for service.   They may therefore be served by certified mail, return receipt requested, to Corporation Service Company, 211 E 7th Street Ste. 620, Austin, TX 78701 or wherever else it may be found.

### III.
### JURISDICTION & VENUE

4.       This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest.   Jurisdiction is thus proper in a District Court of Harris County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

5.       Venue is appropriate in Harris County, Texas because all or part of the conduct giving rise to the causes of action were committed in Harris County, Texas and the property which is the subject of this suit is located in Harris County, Texas.   Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

6.       Plaintiff has a policy with GeoVera bearing policy number GC70018094 ("Policy").   The Policy insures the property located at 802 Crossroads Dr., Houston, TX 77079 ("Property").   The Policy insured the Property on a replacement cost basis for $355,000.00 and is subject to a $7,100.00 Windstorm and Hail deductible.   The Policy insures against all "direct physical loss or damage to Covered Property at the premises described in Declarations caused by or resulting from any Covered Cause of Loss."   The Policy defines a covered cause of loss as all risks of direct physical loss unless excluded or limited by the Policy.

7.       Plaintiff filed a claim for Windstorm and Hail damage against his Policy sold to him by GeoVera.   There is no dispute that these are in fact covered perils under the Policy.

8.       GeoVera assigned claim number FG17504094 to Plaintiff's claim that forms the

basis of this suit. GeoVera inspected Plaintiff's property and found covered damages that totaled just below Plaintiff's deductible.

9.    Our office began investigating this loss with a letter of representation to GeoVera on July 29, 2018. We requested a copy of the insured's Policy and declaration page(s), any letters regarding the attempted disposition of the claim along with any estimates of damages written by GeoVera. Lastly, we requested the non-privileged portion of the claim file and log notes to further evaluate this claim. GeoVera replied on August 6, 2018 and failed to provide a large portion of our reasonably requested documents.

10.    From the beginning, GeoVera conducted an outcome-oriented investigation. A bulk of the basis for their denial of this claim is based on an inspection and subsequent report issued by an engineer GeoVera hired. However, this investigation was not conducted in good-faith, GeoVera failed to give their insured the benefit of the doubt, and the evidence is clear, the investigation was conducted in an outcome-oriented fashion. No example is clearer than the actual language in that very engineer report. GeoVera's hired engineer stated:

> The above conditions and observations support the conclusion that flooding contributed to the interior water damage in the master bedroom and living room at the Dinunzio residence. The flood was predominantly limited to the north portion of the residence with a flood depth of 1.4 inches.

11.    The subject residence did not flood. Flood water was near and around the home, but it was not enough water to break the threshold of the home. This is evidenced by the own admission and statements by the engineer hired by GeoVera, Rimkus Engineering. They state that even if flood waters did enter this dwelling, it was only about an inch of water, and the entire main floor of the dwelling didn't even get damaged. The area that did get damaged, is the north side of the dwelling, the same side whereby a window broke from a propane tank and allowed historic

3

rain to enter the dwelling through this storm created opening.

12.    The lack of flooding was confirmed not only in the immediate aftermath of the Hurricane by neighborhood security, but the data and evidence should also be clear. However, that didn't stop GeoVera and their hired representatives from drawing a conclusion and then finding evidence to support their finding. This should be done, if an attempt is being made to conduct your investigation in good-faith, the opposite way. That is to say, you should examine the claim as is required by law, by giving your insured the benefit of the doubt, and then looking at all facts and evidence. Not finding evidence that intentionally "supports the conclusion" that coverage doesn't apply and moving on to the next claim. It isn't proper and it isn't legal. That being said, GeoVera and their engineer were made expressly clear that this property didn't flood. This was noted in their own report, here:

We understood the following based on our onsite interview with Mr. Dinunzio:

- Rain water entered the master bedroom in the northwest quadrant of the residence from a broken window that was broken by a propane tank, which had been placed on an outdoor stove, during the Hurricane Harvey storms.

- Security patrol in the neighborhood reported no flood damage at the subject residence by visual inspection of the front entry during Hurricane Harvey.

- The residence was at a relatively higher ground than the other residence within the subdivision, and had been used at staging area during community evacuation efforts by boat.

13.    GeoVera's engineer was told by the insured and/or their representative that the rain water entered the master bedroom in the northwest quadrant of the residence from a broken window. They were told that security patrol in the neighborhood reported **no flood damage** at the subject residence by visual inspection of the front entry during Hurricane Harvey. In fact, the

4

residence had been used as a staging area during community evacuation efforts by boat. The area was dry enough to use it for assisting others in the area, it did not flood. Further, the broken window from a propane tank was on the north side of the residence. This is the same side of the residence GeoVera said the following about:

> Flooding contributed to the interior water damage in the master bedroom and living room at the Dinunzio residence. The flood was predominantly limited to the north portion of the residence with a flood depth of 1.4 inches.

14.     Despite clear confirmation this home did not flood, and an undisputed broken window during a historic weather event, the conclusion from GeoVera's engineer (and ultimately, GeoVera), was that the property somehow did flood, coincidentally on the exact same side as the broken window, and that the cause of the water damage to the interior of the home, including the very room where the window was broken, was the result of flooding. They also curiously claimed that the "various interior water damages" reported within the residence were the result of "construction deficiencies," amongst other things not related to the clearly broken window.

- The various interior water damages reported within the residence were caused by construction deficiencies, moisture condensation in the attic, and/or deterioration of roof vent flashing devices, unrelated to the effects of wind during the passage of Hurricane Harvey.

15.     Next, GeoVera wouldn't even acknowledge the simplest of truths; water came in through the broken window and caused water damage during a historic weather event. They even said the opposite, a clear violation of the Texas Insurance Code. To be clear, they said the following things about a nook bench located directly beneath the broken window:

- There was no evidence of water intrusion to the nook bench at the broken window in the master bedroom.

- The nook bench at the broken window within the master bedroom exhibited no elevated moisture content anomalies.

16.    The GeoVera engineer report also has inconsistencies regarding the moisture readings and data they took. For starters, they didn't even take moisture readings until three months after the loss, and well after the loss was properly mitigated by a remediation company. In theory, no moisture should have been present anyway, because it was 3 months after the loss and post-mitigation when their inspection and moisture readings were conducted anyway. That being said, the engineer still used this as a way to render a negative determination as it pertained to the insured. Specifically, he took a moisture reading with a Tramex moisture meter of the nook bench below the broken window, and he states that no elevated reading was detected. However, a reading with a similar percentage of moisture content was taken of a separate area, and they called that an elevated reading. This is made clear in a letter sent by a building consultant the insured had hired, here:

> 4. Rimkus states that the wood framing of the window seat at the broken Master Bedroom window exhibited no elevated moisture anomalies. *This is inconsistent with the evidence provided in Rimkus photos 8 & 12 which are of a moisture reading being taken by a Tramex moisture meter placed on the sill plate below the Master Bedroom window and the north wall of the Living Room respectively.* The moisture reading on the Tramex meter registers 16% in photo 8 and Rimkus states that this is not an elevated moisture anomaly. Rimkus photo 12 depicts a 14% reading on the same meter and is claimed by Rimkus to be an elevated moisture content. *If this is true then the reading in photo 8 would also be an elevated moisture content according to Rimkus standards.* However, none of this is relevant as these readings were taken on Dec. 11, 2017 which is approximately 3 ½ months after water inundated the Dinunzio residence. During this time the interior of the home has had air movers and dehumidifiers operating in order to dry out the home. Further typical wood framing has an average 19% MMC (maximum moisture content) at the time said framing is put in place. This indicates that the drying effort that took place in the Dinunzio residence was successful in removing excessive moisture from the wood framing of the home and also makes these readings irrelevant to the findings and conclusions of the Rimkus Report.

17.    Rimkus also blamed almost every other potential cause of loss on the damage they were currently seeing at the insured dwelling, everything except for covered damages, here is a

6

sampling of other excuses they claimed for not properly paying this Hurricane damage:

- No evidence was observed which would indicate that the roofing system of the residence or the exterior wall claddings had been damaged by the effects of wind.
- The various sever shingle damage on the north portion of the roof was due to long — term effects of tree abrasion as well as wear and tear.

- The missing and aged torn hip shingles on the north portion of the roof were due to long-term effects of tree abrasion as well as wear and tear, unrelated to the effects of wind during the passage of Hurricane Harvey.

This property also experienced severe interior water damage to the ceilings as well, a sample of such is here:



18.     Despite being presented with clear extensive hail damage that totals over $37,000.00, GeoVera has refused to acknowledge more than $3,400 of it. Their investigation of the loss was not timely, it was thorough, and it was outcome-oriented as evidenced by their own conduct.

## V.
### CAUSES OF ACTION

19.     All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

#### A. Breach of Contract against GeoVera

20.     GeoVera's conduct constitutes a breach of the insurance contract between it and Plaintiff. It is undisputed that a contract existed between Plaintiff and GeoVera in the form of the Policy. It is also undisputed that Plaintiff paid it premiums, substantially complied with all terms of the Policy, and held up its end of the bargain. GeoVera on the other hand did not hold up its end of the bargain.

21.     The Policy insures against all "direct physical loss or damage to Covered Property at the premises described in Declarations caused by or resulting from any Covered Cause of Loss." The Policy defines a covered cause of loss as all risks of direct physical loss unless excluded or limited by the Policy.

22.     It is not disputed that Plaintiff's Policy covers Windstorm and Hail damages to the property. Despite being a covered cause of loss and extensive damages being reported, GeoVera has refused to properly pay Plaintiff's claim in direct breach of the Policy.

23.     Plaintiff has sustained damages as a result of GeoVera's breach of the Policy.

#### B.     Noncompliance with the Texas Insurance Code

24.     As described above, GeoVera's conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code. Section 541.151 and Section 542.060 of the Texas Insurance

Code makes these violations actionable.

25.     Due to the relationship (and/or their engagement in the business of insurance) between Plaintiff, GeoVera, and their representatives, there were numerous obligations owed to my client under the Texas Insurance Code.[1]   Chief among these duties, these persons were obligated to:

1.    To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

2.    To promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

3.    To affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

4.    To notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss (§ 542.056(a));

5.    To notify the claimant of the reasons that the insurer needs additional time if it cannot accept or reject within 15 business days (§ 542.056(d));

6.    To make payment within 5 business days of alerting an insured that payment would be forthcoming (§ 542.057)

7.    To not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

26.     Neither GeoVera, nor their representatives generally, fulfilled these duties. Briefly speaking, and as supported above, a written claim was undoubtedly made under the policy, GeoVera was and continues to be liable for that claim, GeoVera should have provided coverage for the claim, GeoVera instead wrongfully withheld policy benefits and along the way violated the

---

[1] As you are undoubtedly aware, my client is also a "person" under the Texas Insurance Code, which gives it standing to bring claims under the Texas Insurance Code.

Texas Insurance Code as this petition describes, and that has caused and resulted in actual damages to Plaintiff.

27.     Plaintiff seeks to recover actual damages, and in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees.  Plaintiff also seeks pre-judgment interest.

## C.     *Breach Of The Duty Of Good Faith And Fair Dealing*

28.     GeoVera's conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Plaintiff.

29.     In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed.

For these reasons, a duty exists.  Plaintiff contends GeoVera breached its duty of good faith and fair dealing:

> a.  Because there was no reasonable basis for GeoVera to deny Plaintiff's claim;
>
> b.  Because there was no reasonable basis for GeoVera to delay of Plaintiff's claim;
>
> c.  Because GeoVera failed to determine whether there was any reasonable basis to deny and delay Plaintiff's claim;
>
> d.  Because GeoVera failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

      e.  Because GeoVera refused to pay a claim without conducting a reasonable investigation of the claim.

30.    GeoVera' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

31.    GeoVera' breach of the duty of good faith and fair dealing has proximately caused damages for the Plaintiff.

## VI.
### KNOWLEDGE

32.    Each of the acts described above, together and singularly, was done "knowingly" by GeoVera and its agents as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
### DAMAGES

33.    Plaintiff intends to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff. Plaintiff contends its damages were the natural, probable, and foreseeable consequence of GeoVera' breach of the policy. Plaintiff contends that GeoVera' violations of the duty of good faith and fair dealing were the proximate cause of Plaintiff's damages. Lastly, Plaintiff also contends GeoVera' actions in violation of the Texas Insurance Code were the producing cause of Plaintiff's damages. These damages are a direct result of GeoVera' mishandling of Plaintiff's claim in violation of the laws set forth above.

34.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with reasonable and necessary attorney's fees.

35.     For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts described above, Plaintiff seeks three times the actual damages. Tex. Ins. Code §541.152.

36.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as the applicable interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

37.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to exemplary damages. GeoVera has actual awareness of its liability under the policy, but is choosing to ignore that liability, deny the claim, and delay the claim.  This warrants the imposition of exemplary damages.

38.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

### REQUEST FOR DISCLOSURES

39.     Pursuant to Rue 194 of the Texas Rules of Civil Procedure, Plaintiff requests that GeoVera provide the information required in a Request for Disclosure.

## IX.

### FIRST REQUEST FOR PRODUCTION TO GEOVERA

40.     Pursuant to Rue 196 of the Texas Rules of Civil Procedure, Plaintiff requests that

GeoVera respond to the following Request for Production:

a.   Produce the GeoVera' complete claim file (excluding all privileged portions) for claim no. FG17504094 made against the Policy.  This request seeks documents made on or before August 28, 2017 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

b.   Produce all non-privileged emails and other forms of communication from or to GeoVera, any of their agents, employees who worked on or were involved Plaintiff's claim no. FG17504094.  This request seeks documents made on or before August 28, 2017 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

c.   Produce a copy of the underwriting file for the Policy.  This request seeks documents made on or before the inception of this Policy and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

d.   Produce all documents and communications provided to any adjusters before, during, and after their initial inspection.

e.   Produce all documents and communications reviewed by GeoVera or any adjusters when coming to a claim determination.

## X.

41.     As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the

damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule

47(c), Texas Rules of Civil Procedure, Plaintiff counsel states that Plaintiff seeks only monetary

relief of $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment

interest, and attorney fees.  A jury, however, will ultimately determine the amount of monetary

relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest

legal rate.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that GeoVera be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against GeoVera for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special against GeoVera, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CROWELL & KUCERA, PLLC**
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:      (512) 870-7099
Facsimile:      (512) 388-9520

BY: /s/ Benjamin R. Crowell III
      BENJAMIN R. CROWELL III
      State Bar No. 24087360
      ben@ck-firm.com
      BRENNAN M. KUCERA
      State Bar No. 24076491
      brennan@ck-firm.com

ATTORNEYS FOR LUCIA DINUNZIO

14

CAUSE NO.  201972581

RECEIPT NO.                          75.00      CTM
**********                  TR # 73680871

| PLAINTIFF: DINUNZIO, LUCIA | In The   215th |
| vs. | Judicial District Court |
| DEFENDANT: GEOVERA SPECIALTY INSURANCE COMPANY | of Harris County, Texas |
| | 215TH DISTRICT COURT |
| | Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: GEOVERA SPECIALTY INSURANCE COMPANY BY SERVING
    CORPORATION SERVICE COMPANY OR WHEREVER ELSE
    IT MAY BE FOUND

    211  E 7TH ST SUITE 620   AUSTIN  TX  78701

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on <u>3rd day of October, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 4th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
CROWELL, BENJAMIN ROBERT                     Harris County, Texas
2028  E BEN WHITE BLVD STE.240-2015          201 Caroline, Houston, Texas 77002
AUSTIN, TX  78741                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (512) 870-7099
Bar No.: 24087360                            Generated By: CARROLL, JOSHUA DEMIAS   50V//11346837

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                   ADDRESS

_____          Service was executed in accordance with Rule 106
(a)ADDRESSEE                           (2) TRCP, upon the Defendant as evidenced by the
                                       return receipt incorporated herein and attached
                                       hereto at
_____
                                   _____
                                   on _____ day of _____, _____
                                   by U.S. Postal delivery to _____

                                   This citation was not executed for the following
                                   reason: _____

                                   MARILYN BURGESS, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy

N.INT.CITM.P                      *73680871*

10/28/2019 3:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38021515
By: F Abdul-Bari
Filed: 10/28/2019 3:41 PM

CAUSE NO. 2019-72581

| | | |
|---|---|---|
| LUCIA DINUNZIO | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 215TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant GEOVERA SPECIALTY INSURANCE COMPANY (hereinafter "Defendant") and file this, its original answer, and would respectfully show as follows:

### I.

### ORIGINAL ANSWER

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demands strict proof thereon by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II.

### DEMAND FOR JURY TRIAL

2.      Defendant demands a trial by jury and believes Plaintiff has tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Defendant GEOVERA SPECIALTY INSURANCE COMPANY respectfully prays that Plaintiff take nothing on his claims against Defendant, that Defendant recover its costs herein, and that it receive such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

1

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   _/s/ Rhonda J. Thompson_____
      Rhonda J. Thompson
      State Bar No. 24029862
      700 N. Pearl Street, 25th Floor
      Dallas, Texas  75201
      Telephone: (214) 871-8200
      Facsimile:  (214) 871-8209
      rthompson@thompsoncoe.com

      Of counsel:
      Susan Sparks Usery
      State Bar No. 18880100
      Thompson, Coe, Cousins & Irons, LLP
      One Riverway, Suite 1400
      Houston, Texas  77056
      Telephone:  (713) 403-8210
      Facsimile:   (713) 403-8299
      susery@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**GEOVERA SPECIALTY INSURANCE**
**COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that on the 28th day of October, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Benjamin R. Crowell III
Brennan M. Kucera
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Suite 240-2015
Austin, Texas  78741
ben@ck-firm.com
brennan@ck-firm.com

                   _/s/ Rhonda J. Thompson_____
                   Rhonda J. Thompson